# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| ARMINDA YU MADRID,<br><br>        Plaintiff,<br><br>        v.<br><br>KMF FREMONT, LLC, KLINGBEIL CAPITAL MANAGEMENT, LTD., JOHNNY RODRIGUEZ, and IZABELA BZOWSKI,<br><br>        Defendants. | Case No. 11-cv-05804 NC<br><br>**ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION FOR A MORE DEFINITE STATEMENT**<br><br>Re: Dkt. Nos. 11, 12 |

      In this discrimination action brought under the Fair Housing Act, defendants move under Federal Rule of Civil Procedure 12(b)(6) to dismiss plaintiff Madrid's complaint for failure to state a claim. Alternatively, defendants move under Federal Rule of Civil Procedure 12(e) for a more definite statement. Because Madrid fails to plead sufficient factual allegations as to all elements of a discrimination action under the Fair Housing Act, the Court GRANTS defendants' motion to dismiss without prejudice. Having granted the motion to dismiss, the Court DENIES defendants' alternative motion for a more definite statement.

## I. BACKGROUND

**A.    Parties**

      Plaintiff Madrid was a tenant of Marbaya Apartments in Fremont, California. Compl. ¶¶ 8, 43, Dkt. No. 1. Defendants in this action are entities and individuals

allegedly affiliated with the Marbaya Apartments property: KMF Fremont, LLC (owner), Klingbeil Capital Management, Ltd. (manager), Johnny Rodriguez (regional manager, employed by Klingbeil), and Izabela Bzowski (on-site manager, employed by Klingbeil). *Id.* ¶¶ 13-16. Madrid filed this action alleging discrimination under the Fair Housing Act (FHA), 42 U.S.C. § 3604(f), after defendants refused her request to modify her lease to add additional tenants and then evicted her. *Id.* ¶ 43 & at pp. 13-14 (Claims I-IV).

Mirasol Ubarco and Alfredo Guarin, the requested additional tenants and alleged caregivers to Madrid, are not named parties in the complaint. *Id.* ¶¶ 17-18.

**B.    Plaintiff's Request for Lease Modification**

In November 2005, Madrid entered into a lease with Marbaya Apartments. For the first time, in September 2009, Madrid, Ubarco, and Guarin requested a modification to Madrid's lease to add Ubarco and Guarin as additional tenants. *Id.* ¶¶ 22-23. Madrid alleges that she has multiple health conditions, including fibromyalgia, hypertension, coronary artery disease, severe fatigue, and sleep apnea, which limit major life activities. Compl. ¶ 6; Ex. 100-1. Ubarco and Guarin planned to move into Madrid's apartment, and in exchange for room and board paid by Madrid, Ubarco and Guarin would provide Madrid with caregiving services. *Id.* ¶¶ 18, 21. Madrid alleges that her apartment is a one-bedroom unit that allows up to three occupants. *Id.* ¶ 10. She claims that she made an oral request to Marbaya Apartments' property manager and assistant manager to have Ubarco and Guarin listed as additional occupants, as a "reasonable accommodation" to her disability. *Id.* ¶ 23. Two days later, on December 6, 2009, Madrid submitted the same request in writing. *Id.* ¶ 24. On December 8, 2009, before receiving defendants' response, Ubarco and Guarin moved into Madrid's apartment. *Id.* ¶ 26. On the same day, defendants refused Madrid's request. *Id.* ¶ 27.

**C.    Notices to Quit and Unlawful Detainer Action**

After Ubarco and Guarin moved into Madrid's apartment, defendants notified Madrid, Ubarco, and Guarin to vacate her apartment. *Id.* ¶¶ 29, 37. The occupants did

Case No. 11-cv-05804 NC
Order Re: Mot. to Dismiss &
Mot. for More Definite Statement          2

1  not move out of the apartment, however, and continued to make requests for the
2  accommodation to allow the caregivers to reside with Madrid. *Id.* ¶¶ 28, 30, 33.
3    Subsequently, Madrid received two separate three-day notices to quit the premises.
4  *Id.* ¶¶ 29, 37. After service of the notices to quit, defendants filed an unlawful detainer
5  action in the Superior Court of California, Alameda County, Case No. FG10494748. *Id.* ¶
6  42. The case resulted in a judgment against Madrid in February 2010. *Id.*[1]

**D. Motion to Dismiss and Motion for a More Definite Statement**

  Defendants move to dismiss Madrid's entire action on two bases. First, defendants argue that the doctrine of res judicata bars this action because Madrid's discrimination claim was decided on the merits in the unlawful detainer action. Defs.' Mot. Dismiss at 4-5, Dkt. No. 12. Second, defendants argue that Madrid fails to plead sufficient factual allegations to support her claim. *Id.*

  Alternatively, defendants move for Madrid to provide a more definite statement of her claim. *Id.* Defendants argue that Madrid's complaint is "vague and ambiguous," and thus, fails to provide proper notice of her claim against them. *Id.*

## II. STANDARD OF REVIEW

**A. Motion to Dismiss**

  To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead her claim with sufficient specificity to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 545, 555 (2007).

---

[1] Although referencing the judgment and naming it as an exhibit, Madrid failed to attach Exhibit 100-15, "Judgment," to her complaint. *See* Compl. ¶ 42. Federal Rule of Civil Procedure 10(c) states that "[a] copy of a written instrument that is in an exhibit to a pleading is a part of the pleading for all purposes." Because Madrid did not attach the judgment to the complaint, the Court does not consider it under Fed. R. Civ. P. 10(c). *See In re Stac Electronics Sec. Litig.*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996) (noting that complete copies of documents whose contents are alleged in the complaint and whose authenticity is not questioned may be considered in ruling on a Rule 12(b)(6) motion). Madrid, however, references and attaches other exhibits, Exs. 100-1 through 100-13, to her complaint, which for the purposes of this Order, the Court will consider.

1  "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to
2  relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (internal
3  quotations and citation omitted).  "A claim has facial plausibility when the plaintiff pleads
4  factual content that allows the court to draw the reasonable inference that the defendant is
5  liable for the misconduct alleged." *Id.* at 668.  If a complaint lacks facial plausibility, a
6  court must grant leave to amend unless it is clear that the complaint's deficiencies cannot
7  be cured by amendment. *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002).  A
8  court is not required to accept as true conclusory allegations, unreasonable inferences, or
9  unwarranted deductions of fact. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d
10 1025, 1031 (9th Cir. 2008).

**B.     Motion for a More Definite Statement**

The court may grant a Rule 12(e) motion for a more definite statement if the pleading in question "is so vague and ambiguous that the [responding] party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).  Rule 12(e) "attacks unintelligibility in a pleading, not a mere lack of detail." *Doe v. Hagee*, 473 F. Supp. 2d 989, 994-95 (N.D. Cal. 2007) (internal citation omitted).  The court must deny a Rule 12(e) motion if the complaint is specific enough to apprise defendant of the substance of the claim being asserted or if the detail sought is obtainable through discovery. *Simpson v. Martin, Ryan, Andrada & Lifter*, No. 96-cv-04590 FMS, 1997 WL 542701, at *2 (N.D. Cal. Aug. 2, 1997).

### III.  DISCUSSION

**A.     Madrid Fails to Sufficiently Plead Her FHA Discrimination Claim.**

    **1.     Madrid's FHA Claim is Not Barred Under the Doctrine of Res Judicata.**

Defendants move to dismiss Madrid's FHA claim based on the doctrine of res judicata.  Because the Superior Court ruled in favor of defendants in their unlawful detainer action, defendants argue that Madrid's affirmative defense of disability discrimination raised in the state court proceedings bars her current discrimination action.

Case No. 11-cv-05804 NC
Order Re: Mot. to Dismiss &
Mot. for More Definite Statement          4

### a.  The Doctrine of Res Judicata

The doctrine of res judicata consists of two bases upon which to advance preclusive effect on later litigation–claim preclusion and issue preclusion. *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). Under the Full Faith and Credit Act, federal courts "must give the same preclusive effect to a state-court judgment as another court of that state would give." 28 U.S.C. § 1738; *Parson Steel, Inc. v. First Alabama Bank*, 474 U.S. 518, 523 (1986). In California, claim preclusion bars a second suit between the same parties on the same cause of action. *Parson Steel*, 474 U.S. at 523. In contrast, issue preclusion precludes a party to a second suit from relitigating matters litigated and determined in a prior proceeding. *Id.*

### b.  Unlawful Detainer Action as Basis for Res Judicata

Due to the summary nature of the proceedings, unlawful detainer actions have limited res judicata effect. *Housing Rights Ctr. v. Sterling*, 404 F. Supp. 2d 1179, 1188-89 (C.D. Cal. 2004) (citation omitted). An unlawful detainer action focuses strictly on the immediate possession of a property, and thus, will unlikely dispossess someone from bringing subsequent action to adjudicate other legal and equitable claims between the parties. *Id.* Further, in determining the preclusive effect of an unlawful detainer action to later litigation, California courts have generally analyzed res judicata arguments under issue preclusion, rather than claim preclusion. *Thomas v. Housing Auth. of the Cnty. of L.A.*, No. CV 04-6970 MMM (RCx), 2005 WL 61336432, at *9 n.37 (C.D. Cal. June 3, 2005) (finding that affirmative defenses to unlawful detainer action are not causes of action under California law, and thus issue rather than claim preclusion applies).

### c.  Madrid's Affirmative Defense in the Unlawful Detainer Action Does Not Preclude a Claim or Issue Related to Madrid's Action.

**(1) Claim Preclusion**

To establish an affirmative defense based on preclusion of claims actually litigated in a prior proceeding, the defendant must show that: (1) the second lawsuit involves the same cause of action as the first one; (2) there was a final judgment on the merits in the

Case No. 11-cv-05804 NC
Order Re: Mot. to Dismiss &
Mot. for More Definite Statement           5

1  first lawsuit; and (3) the party to be precluded was a party, or in privity with a party, to
2  the first lawsuit. *San Diego Police Officers' Ass'n v. San Diego City Emps.' Ret. Sys.*,
3  568 F.3d 725, 734 (9th Cir. 2009) (internal quotations and citation omitted).

4        In determining whether the prior and present actions involve the same cause of
5  action (element one), California courts apply the primary rights doctrine. *Manufactured*
6  *Home Cmtys. v. City of San Jose*, 420 F.3d 1022, 1031 (9th Cir. 2005). Courts "look to
7  the rights sought to be vindicated and specifically, to the claimed harm." *City of Martinez*
8  *v. Texaco Trading & Transp., Inc.*, 353 F.3d 758, 762 (9th Cir. 2003) (citation omitted).
9  Unlawful detainer actions focus on the right of possession of a property as the primary
10 right at issue. *See Housing Rights Ctr.*, 404 F. Supp. 2d at 1188-89.

11       Here, defendants fail to demonstrate that element one is met. First, there is no
12 indication that Madrid had an opportunity to fully litigate a discrimination counterclaim
13 against defendants, as defendants fail to show that Madrid's discrimination defense was a
14 primary right involved in the unlawful detainer action. *See* Defs.' Mot. Dismiss at 10-11.
15 Second, because Madrid included discrimination as an affirmative defense, rather than a
16 counterclaim, discrimination was an issue, not a cause of action, in the unlawful detainer
17 action. *See Thomas*, 2005 WL 61336432, at *9 n.37. Moreover, defendants failed to
18 attach the judgment from the unlawful detainer action to their motion. Therefore,
19 defendants fail to show that Madrid is barred based on claim preclusion from pursuing her
20 present FHA claim. Defendants' motion to dismiss on the basis of claim preclusion is
21 therefore denied.

22                     **(2)  Issue Preclusion**

23       Although defendants raise claim preclusion as a bar to Madrid's FHA claim, the
24 Court analyzes defendants' res judicata argument under issue preclusion as well. *See*
25 *Thomas*, 2005 WL 61336432, at *9 n.37; Defs.' Mot. Dismiss at 8-11. During the
26 unlawful detainer action, Madrid did not raise a FHA claim against defendants. Instead,
27 Madrid raised discrimination by the landlord as an affirmative defense, making
28

discrimination an issue, not a claim, in the unlawful detainer action. RJN at 33-34, 37-38, Dkt. No. 11.[2]

To bar relitigation based on issue preclusion, the moving party must show:

> (1) the issue necessarily decided at the previous proceeding is identical to the one sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the first proceeding.

*Hydranautics v. FilmTec Corp.*, 204 F.3d 880, 885 (9th Cir. 2000) (citation omitted). "The party asserting preclusion bears the burden of showing with clarity and certainty what was determined by the prior judgment." *Id.* (citation omitted).

Defendants' issue preclusion argument fails for two reasons. First, the summary nature of an unlawful detainer action does not lend itself to a full analysis of the defenses raised by the defendant, in this case, Madrid. *See Housing Rights Ctr.*, 404 F. Supp. 2d at 1188-89. Second, defendants' request for judicial notice encompasses the complaint and answer of the unlawful detainer action, however, does not include the state court's final judgment. Without the final judgment, defendants fail to meet their burden to establish preclusion of the discrimination issue. In sum, defendants have not established that Madrid's identical discrimination issue was in fact litigated and decided in the state court. The motion to dismiss based on issue preclusion is therefore denied.

### 2. Madrid Fails to Plead Sufficient Factual Allegations to Survive a Rule 12(b)(6) Motion.

The FHA prohibits discrimination based on a person's disability in the: (1) sale or rental of a dwelling; (2) terms, conditions, or privileges of sale or rental of a dwelling; or

---

[2] Federal Rule of Evidence 201(b)(2) allows the Court to judicially notice facts "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Under Fed. R. Evid. 201, the Court may consider matters of public record, including pleadings, orders, and other papers filed with the court. *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986) (abrogated on other grounds by *Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991)). Because, here, the documents defendants submitted are matters filed as part of a court proceeding, the Court GRANTS defendants' request for judicial notice of these exhibits. *See* RJN, Exs. 1-2.

Case No. 11-cv-05804 NC
Order Re: Mot. to Dismiss &
Mot. for More Definite Statement          7

(3) provision of services or facilities in connection with such a dwelling. *See* 42 U.S.C. § 3604(f)(1)-(3). To sufficiently plead a FHA claim under the theory of failure to make a reasonable accommodation, the plaintiff must show that: (1) plaintiff suffers a disability; (2) the defendant knew or should have known of the disability; (3) a reasonable accommodation is necessary for the use and enjoyment of the apartment; and (4) the defendant refused the accommodation. 42 U.S.C. § 3604(f)(3)(B); *Budnick v. Town of Carefree,* 518 F.3d 1109, 1119-20 (9th Cir. 2008). If the plaintiff establishes a FHA claim, the defendant has the burden to demonstrate that the requested accommodation was unreasonable or would create undue hardship. *Giebeler v. M & B Assocs.*, 343 F.3d 1143, 1156 (9th Cir. 2003).

Here, Madrid pleads sufficient factual allegations as to elements one, three, and four, however, fails with respect to element two.

First, Madrid pleads sufficient factual allegations that she has suffered a disability, since as early as May 2001. Compl. ¶ 6. A disability includes any physical or mental impairment "substantially limiting" a "major life activity." 42 U.S.C. § 3602(h). Madrid supports her allegations of disability by stating that she has received Social Security Disability Insurance benefits since May 31, 2001. Compl. ¶ 6. She describes her disability as "affect[ing] her housekeeping abilities and substantially limit[ing] her major life activities." *Id.* Madrid attaches to her complaint a doctor's certificate, which provides further details of her disability. *Id.*, Ex. 100-1.

Second, Madrid pleads sufficient factual allegations that she requested a reasonable accommodation that would enable her to use and enjoy her dwelling. *See U.S. v. Cal. Mobile Home Park Mgmt. Co.*, 107 F.3d 1374, 1380 (9th Cir. 1997) (citation omitted) (noting that the necessary reasonable accommodation inquiry is highly fact-specific, requiring case-by-case determination). Madrid alleges that she spoke with Marbaya management about her request to have caregivers occupy her apartment to assist her. Compl. ¶ 23. Moreover, she alleges that her requested accommodation was

Case No. 11-cv-05804 NC
Order Re: Mot. to Dismiss &
Mot. for More Definite Statement          8

reasonable and necessary with reference to the Department of Justice (DOJ) and Department of Housing and Urban Development's (HUD) "Reasonable Accommodations Under The Fair Housing Act" guidelines, which require landlords to consider the reasonableness of the requested accommodation and alternative reasonable accommodations. *Id.* ¶¶ 44-45. Madrid alleges that defendants' repeated denial of Madrid's request and attempts to evict Madrid did not meet the DOJ & HUD guidelines. *See id.* ¶¶ 27-29, 33, 36-37, 41-43.

Third, Madrid pleads sufficient factual allegations that defendants denied her request for a reasonable accommodation. Madrid lists the dates on which specific defendants refused the requests to have two caregivers move into her apartment. *Id.* ¶¶ 27-28, 33 & at pp. 13-14 (Claims I-IV). She also attaches defendants' notices to quit and describes defendants' attempts to evict her and her caregivers after their requests were denied. *Id.* ¶¶ 29, 36-37, 41-43 & Exs. 100-8, 100-13.

Madrid fails, however, to plead sufficient factual allegations with respect to the FHA discrimination claim's second element, which requires Madrid to show that defendants were aware of her disability. Madrid alleges that she made requests on two separate occasions for a reasonable accommodation for her disability to regional manager Rodriguez and property manager Bzowski. *Id.* ¶¶ 31-32. Contrastingly, nowhere in the complaint does Madrid allege that KMF Fremont or Klingbeil Capital Management, the other two defendants in this action, had any knowledge of Madrid's disability. *See Meyer v. Holley*, 537 U.S. 280, 288-89 (2003) (noting that the traditional doctrine of respondeat superior applies to violations of the Fair Housing Act); Compl. at 2. Without alleging that KMF Fremont and Klingbeil Capital Management had personal or imputed knowledge of Madrid's disability, Madrid fails to plead the second element of a FHA discrimination claim.

As Madrid fails to plead sufficient factual allegations as to all the elements of a FHA claim, the Court grants defendants' motion to dismiss, without prejudice.

Case No. 11-cv-05804 NC
Order Re: Mot. to Dismiss &
Mot. for More Definite Statement            9

### B. A More Definite Statement Under Rule 12(e) is Not Warranted.

A Rule 12(e) motion is disfavored and appropriate only where the pleading is unintelligible and so "vague and ambiguous" as to deny the moving party an opportunity to respond. Fed. R. Civ. P. 12(e); *Rahman v. Johanns*, 501 F. Supp. 2d 8, 19 (D.C. Cir. 2007); *Doe*, 473 F. Supp. 2d at 994-95.

Defendants argue that they cannot determine from the complaint "the relief sought, and the basis therefore," and that Madrid fails to provide them with sufficient notice of the basis for her relief. Defs.' Mot. Dismiss at 16. Although Rule 12(e) requires the defendant to "specify[] the defects complained of and the details desired" that would eliminate the vagueness, here, defendants do not provide specific details to support their arguments in favor of their Rule 12(e) motion. *See* Fed. R. Civ. P. 12(e).

The Court finds that granting the motion to dismiss without prejudice will afford Madrid the opportunity to address the complaint's deficiencies, making the 12(e) motion unnecessary. *See Cellars v. Pacific Coast Packaging, Inc.*, 189 F.R.D. 575, 582-83 (N.D. Cal. 1999) (granting defendants' motion to dismiss, while denying defendants' motion for a more definite statement). Having granted defendants' Rule 12(b)(6) motion, the Court denies defendants' alternative motion for a more definite statement.

### IV. CONCLUSION

Because Madrid fails to plead sufficient factual allegations of a FHA discrimination claim as to all defendants, defendants' motion to dismiss is GRANTED, without prejudice. Madrid has 30 days from the filing date of this order to file an amended complaint curing the defects described above. Defendants' alternative motion for a more definite statement under Rule 12(e) is DENIED.

IT IS SO ORDERED.

Date: April 19, 2012

NATHANAEL M. COUSINS
United States Magistrate Judge